SHELDON v. MESSERSCHMIDT et al.    (No. 2973.)

(Circuit Court of Appeals, Ninth Circuit.    January 7, 1918.)

NAVIGABLE WATERS ☞43(4)—TIDELANDS—RIGHT OF OWNER OF LITTORAL—INJUNCTION.

　　The owner of upland abutting on an arm of the ocean, though entitled as a littoral proprietor to have access over the land between high and low water mark for navigation purposes, is not entitled to exclude all persons but the United States from such tidelands; and where persons occupying the tidelands do not interfere with his access, he is not entitled to enjoin the maintenance of improvements placed thereon by them.

Appeal from the District Court of the United States for the First Division of the District of Alaska; Robert W. Jennings, Judge.

Suit by Cyrus F. Sheldon against Gus Messerschmidt and others. From a decree for defendants, complainant appeals. Affirmed.

Cheney & Zeigler, of Juneau, Alaska, for appellant.

Hellenthal & Hellenthal, of Juneau, Alaska, for appellees.

Before GILBERT and HUNT, Circuit Judges, and WOLVERTON, District Judge.

HUNT, Circuit Judge. Appellant, Sheldon, seeks to enjoin the maintenance of certain improvements placed by the defendants upon tidelands immediately in front of and abutting land claimed by appellant under a homestead near Juneau, Alaska. On the trial these facts were adduced:

Plaintiff owns 47.34 acres of land on Gastineaux Channel, an arm of the Pacific Ocean, and owns upland having a water frontage of about 2,065 feet on Gastineaux Channel. Defendants' structures consist of piles and caps upon two strips of tidelands, one of 106 and the other of 70 feet in length, and it is charged that buildings will be built thereon. Plaintiff lives upon his land, except when doing some assessment work. He has no improvements in the way of buildings upon the land, except the house in which he resides, which is approximately 700 feet northwesterly from the structure built by defendants. Plaintiff offered no evidence to show that he had any actual use for any of the tidelands lying in front of the uplands, or that he ever intended to make any use of the tidelands or any part thereof. In the judgment the District Court finds no evidence that defendants have interfered or are about to interfere with plaintiff's ingress or egress from or to the upland or to and from the navigable water, nor that plaintiff has used or is about to use his said right of ingress or egress, and dismisses the complaint.

Appellant claims the exclusive right to the free, unobstructed use of all of the tideland immediately in front of and abutting his upland against all the world, except the United States as trustee, and that until the tideland is taken for public use, no private person can claim that right for his use against the appellant. As cases have arisen where the opinion and decision of this court has been called for in respect to the rights of a littoral proprietor, it has been held that the owner or locator of lands in Alaska, which border upon navigable or tidal waters, has, by the general law, right of access to such water for purposes of navigation, but that he can acquire no right or title below high water mark, and therefore can have no right of possession upon which he can base an action against an intruder, alleged by him to be interfering with and obstructing him in the erection and use of a structure upon the shore line below such high-water mark. The qualification of the rule, however, gives to such owner or locator the right to bring action against an intruder who puts obstructions on the shore that prevent him from having access to the navigable water. In Columbia Canning Co. v. Hampton, 161 Fed. 60, 88 C. C. A. 224, the authorities are examined and the rule of decision clearly announced. The doctrine does not go so far as to give the owner or locator the exclusive right of access to the navigable waters, as against all persons except the United States. In Worthen Lumber Mills v. Alaska Juneau Gold Mining Co., 229 Fed. 966, 144 C. C. A. 248, the rule was applied. The appellee there had need of access to the waters of Gastineaux Channel in connection with its mining plant built on the upland, and, in order to avail itself of the right of access, it was necessary to construct a wharf covering the whole space in front of the upland. This court sustained the right of access to the navigable waters of the channel and declined to interfere with the decree of the lower court, upon the ground that greater or more extensive right had been accorded to the appellee than was reasonable under the circumstances of the case. The principle of these decisions has been upheld in this circuit in the following cases: Dalton v. Hazelet,

182 Fed. 561, 105 C. C. A. 99; Barron v. Alexander, 206 Fed. 272, 124 C. C. A. 336.

We find no error, and affirm the decree.

Affirmed.